UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO JOURNEY,

              Petitioner,

v.

UNITED STATES OF AMERICA,

              Respondent.

_____/

Criminal Case Number 10-20113
Civil Case Number 13-13023
Honorable David M. Lawson

## ORDER VACATING SENTENCE AND DIRECTING PROBATION DEPARTMENT TO PREPARE NEW PRESENTENCE REPORT

On August 29, 2012, defendant Ricardo Journey was sentenced to a prison term of 180 months on his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced as an armed career criminal, 18 U.S.C. § 924(e)(1).  On July 15, 2013, Journey filed a motion to vacate sentence under 28 U.S.C. § 2255, and on September 10, 2015 the Court allowed Journey to amend his motion in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).  In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), as unconstitutionally vague, *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which was made retroactive to cases on collateral review by its decision in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.").

The petitioner was sentenced under the ACCA to the statutory mandatory minimum sentence of 15 years imprisonment because he had three prior convictions for a violent felony or controlled substance offense.  One of those prior convictions, however, was for breaking and entering under Michigan Compiled Laws § 750.110.  On October 26, 2016, the Sixth Circuit held

that "a conviction under [Michigan Compiled Laws] § 750.110 cannot serve as a predicate offense under ACCA." *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016). After the Sixth Circuit decided *Ritchey*, the Court directed the parties to file supplemental briefing addressing the Sixth Circuit's decision on this case. The parties filed their supplemental briefs and agreed that the ACCA no longer applies to Journey and that he should be resentenced. The Court agrees. Therefore, to the extent that the petitioner's motion to vacate challenges his status as an armed career criminal under the ACCA, his motion will be granted.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt. #19] is **GRANTED**. The petitioner's sentence is **VACATED** pursuant to 28 U.S.C. § 2255.

It is further **ORDERED** that the defendant shall be resentenced, and the probation department is directed to prepare a new presentence report.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 21, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI